NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOYCE B. HANSEN and ROGER HANSEN : | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, : | **OPINION** |
| v. : | Civil Action No. 05-cv-4993 (DMC) |
| STEVEN D. CAHN, ESQ., : | |
| Defendant. : | |
| STEVEN D. CAHN, ESQ. : | |
| Third Party Plaintiff, : | |
| v. : | |
| EICHEN LEVINSON & CRUTCHLOW, : et als. | |
| Third Party Defendants. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Third Party Defendant Eichen, Levinson & Crutchlow ("Third Party Defendants" or "Eichen Firm") to dismiss Steven D. Cahn's ("Third Party Plaintiff") Third Party Complaint pursuant to Federal Rule of Civil Procedure 4 (m) for failing to serve Third Party Defendant within 120 days after the filing of the Complaint. Pursuant to Rule 78 of the Federal Rules of Civil Procedure no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Third Party Defendants' motion to dismiss is **denied**.

I.    B̲ACKGROUND̲

On October 18, 2005, Joyce and Roger Hansen filed a legal malpractice claim against Steven D. Cahn, a member of the firm Cahn & Parra, LLC.  On March 28, 2006, Cahn filed an Amended Third Party Complaint against his former firm, Eichen Levinson & Crutchlow.  Cahn was a member of the Eichen firm until February 27, 2002.  Several of Plaintiffs' malpractice allegations relate to matters that occurred during Cahn's association with the Eichen firm.

Upon his departure from the Eichen firm, Cahn entered into an indemnification agreement stating that "Eichen & Levinson will indemnify and hold Cahn & Parra harmless from any and all debts, known and unknown, that in any way involve the operation of the Eichen Levinson Cahn & Parra law firm."  As a result of this agreement, Cahn's insurance carrier advised Cahn that the Eichen firm's carrier should be responsible for defending the malpractice claims against Cahn.

Originally, John J. Tambascia Esq., ("Tambascia") undertook the representation of Cahn in the legal malpractice matter on behalf of Cahn & Parra's insurer, American Safety Insurance, and its third party administrator, McLarens Young International ("MYI").  However, on April 1, 2006, MYI orally notified Tambascia's office that the file was closed.  Tambascia then advised Cahn that he would continue to represent Cahn until MYI sent written notification of a denial of representation.

Thereafter, on July 18, 2006, MYI issued a letter disclaiming coverage and withdrawing its defense of Cahn.  Although the letter indicated that coverage and defense had been withdrawn via a correspondence dated February 24, 2006, Tambascia claims never to have received the earlier letter.

Tambascia claims that he was barred from taking any action that might prejudice Cahn's coverage or defense before the July 18, 2005 letter was issued based on the tri-partite relationship

between client, carrier and counsel.  After the letter was issued notifying Cahn that MYI would no longer provide coverage, Tambascia offered to represent Cahn independently.  Cahn did not accept the offer.

Although Cahn filed the Third Party Complaint in this Court on March 22, 2006, the Eichen firm was not served until September 22, 2006, approximately 64 days after the appropriate time for service pursuant to Federal Rule of Civil Procedure 4(m).  The Eichen firm then filed a motion to dismiss based on Cahn's failure to serve the Third Party Complaint within 120 days after the filing of the Complaint.  Cahn claims that the delay in serving the Eichen firm was based on good cause in light of the disputes with MYI and Tambascia's reluctance to take action before written confirmation of MYI's denial of representation.

## II.   STANDARD FOR DISMISSAL PURSUANT TO RULE 4(m)

Federal Rule of Civil Procedure 4(m) states in relevant part that:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period

The Third Circuit engages in a two-step inquiry to determine whether an extension to serve is warranted under Rule 4(m).  See McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998).  First, the court asks whether good cause exists for the failure to serve within the 120 day time limit.  Id.  If good cause is found, then the extension will be granted.  Id.  However, even if good cause cannot be shown, the court may, in its discretion, grant the extension.  Id.

The good cause determination under Rule 4(m) is equivalent to a determination of "excusable neglect" under Rule 6(b)(2).  See Mettle v. First Union Nat'l Bank, 279 F. Supp. 2d 598 (D.N.J.

2003).  Thus, the court considers whether there exists a "determination of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the  time specified in the rules."  MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086 (3d Cir. 1995).

**III.   ANALYSIS**

Cahn filed the Third Party Complaint against the Eichen firm on March 22, 2006.  However, Cahn did not serve the Third Party Complaint on the Eichen firm until September 22, 2006.  This delay directly violates Federal Rule of Civil Procedure 4(m) which requires service upon Third Party Defendants within 120 days of the filing of the complaint.  In this case, Cahn served the Eichen firm 64 days outside the 120 day time period.

Pursuant to the Third Circuit's decision in McCurdy, this Court must first determine whether there existed good cause for Third Party Plaintiff's failure to timely serve Third Party Defendants.  Here, Cahn asserts that good cause exists because his initial attorney was either unwilling or legally unable to serve the Eichen firm until MYI definitively agreed to provide or deny coverage.  This argument is unavailing because the Third Circuit has held that "reliance upon a third party or on a process server is an insufficient basis to constitute good cause for failure to timely serve, and is also an insufficient basis for granting an extension of time to effect service."  Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1307 (3d Cir. 1995).

Cahn never made any attempt to serve Third Party Defendants.  Moreover, Cahn did not ask the Court for an extension before the statutory period concluded.  Although Cahn argues that Tambascia could not take action until MYI reached a final coverage determination, notice of MYI's final decision was provided by July 18, 2006.  The deadline for timely service on the Eichen firm

-4-

pursuant to Rule 4(m) was July 21, 2006. This provided Cahn with a small window within which he could have served Third Party Defendants. However, instead of immediately serving the Eichen firm, Cahn waited until September 22, 2006 to effect service. For these reasons, Cahn has not shown good cause for the delay in service.

However, this Court is vested with the discretionary power to deny Third Party Defendants' motion to dismiss absent a showing of good cause by Third Party Plaintiff. See McCurdy, 156 F.3d at 196. In this case, the allegations raised in the Third Party Complaint as to the Eichen firm arise from a contractual agreement between Cahn and members of the Eichen firm. Although the Advisory Committee Notes to Rule 4(m) indicate that "[r]elief may be justified . . . if the applicable statute of limitations would bar the refiled action," a dismissal of this case would not bar refiling. The statute of limitations on contract claims in New Jersey is six years. See N.J.S.A. 2A:14-1. Therefore, the limitations period on Cahn's claim will run in 2008. Because Rule 4(m) would only require dismissal without prejudice, Cahn could simply refile his complaint and gain an additional 120 days to serve Third Party Defendants. Although there would be no bar to refiling if Cahn's Third Party Complaint were dismissed, such a dismissal would only further delay these proceedings.

Courts often consider whether failure to make timely service has prejudiced the defendant. See Boley v. Kaymark, 123 F.3d 756, 759 (3d Cir. 1997). In this case, the Eichen firm has not alleged that it has been prejudiced by Cahn's delayed service. There is no indication that the delay has deprived Third Party Defendants of its ability to defend this case on the merits.

**IV.   CONCLUSION**

For the reasons stated, it is the finding of this Court that Third Party Defendants' motion

to dismiss is **denied**.  An appropriate Order accompanies this Opinion.


            S/ Dennis M. Cavanaugh
            Dennis M. Cavanaugh, U.S.D.J.

Date:       April __12, 2007
Orig.:      Clerk
cc:        Counsel of Record
           The Honorable Mark Falk, U.S.M.J.
           File